UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-80636-Cannon/McCabe

HIRAM GAVIN RIVERA,

Plaintiff,

v.

ANH DUC NGUYEN,
a/k/a DANIEL NGUYEN,

Defendant.
_______________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's Motion for Default Judgment (DE 27), which was referred to the Court by United States District Judge Aileen M. Cannon (DE 28). For the reasons set forth below, the Court **RECOMMENDS** that the motion (DE 27) be **GRANTED** and that Default Final Judgment be entered in the amount of **$307,572.57**.

## I. BACKGROUND

This is a civil theft case stemming from a failed nail salon investment. The Court accepts the following facts as true, taken from Plaintiff's Amended Complaint. (DE 10). Prior to December 1, 2025, Plaintiff and Defendant discussed a joint venture to purchase a nail salon. (DE 10 ¶ 7). As part of the discussions, Defendant represented that he had previously been successful in opening other salons. (DE 10 ¶ 7). On December 1, 2025, Defendant sent Plaintiff an email confirming the identity and location of a proposed nail salon to acquire, i.e., "Palm Beach Nail Salon, located at 14451 S. Military Trail #3, Delray Beach, Florida 33484" (the "Salon"). (DE 10 ¶ 10). The email also contained proposed contribution terms for the investment. (DE 10-1 at 2).

Specifically, Plaintiff would contribute $100,000, followed by an additional $150,000, for a total investment of $250,000. (DE 10-1 at 2).

On December 1, 2025, Plaintiff wired $100,000 from an account under his control to an account under Defendant's control for the sole purpose of making the investment. (DE 10 ¶ 13, DE 10-2 at 2). At some point thereafter, Defendant diverted Plaintiff's $100,000 investment to fund Defendant's unrelated business ventures and to pay for Defendant's own personal items, which were not related in any manner to the Salon investment. (DE 10 ¶ 18).

Plaintiff later confronted Defendant with the misappropriation in text messages, and Defendant admitted "I did 100k of yours … but we can figure it all out(.)" (DE 10-3 at 3). Defendant further acknowledged the illicit nature of his retention of the funds in separate text exchanges, stating: "imma get you your money. I'm not scamming you out of 100k I would never do that to anyone. Just in a tight situation rn." (DE 10-3 at 8).

At some point thereafter, Plaintiff issued a formal request for a refund of $100,000, but Defendant failed to refund the money. (DE 10 ¶¶ 21-23). On April 6, 2026, Plaintiff sent a civil theft demand notice to Defendant pursuant to Fla. Stat. § 772.11. (DE 10 ¶ 25, DE 10-4). To date, Defendant has not returned any portion of the $100,000. (DE 10 ¶ 24).

On May 29, 2026, Plaintiff filed a four-count Complaint against Defendant, alleging civil theft (Count I), fraudulent inducement (Count II), conversion (Count III), and unjust enrichment (Count IV). (DE 1). On June 4, 2026, Plaintiff effected service of process on Defendant. (DE 11-2). Thereafter, on July 13, 2026, the District Judge ordered Defendant to file an answer or responsive motion. (DE 15). Defendant failed to answer, appear, or otherwise respond. As a result, Plaintiff moved for entry of Clerk's default, which the Clerk entered on August 3, 2026. (DE 21, DE 22, DE 23).

This motion for default judgment followed on September 4, 2026. (DE 27). Defendant has not responded to this motion, moved to set aside the default, or otherwise appeared in the action.

## II. LEGAL STANDARD

A default judgment may be entered against a defendant who has failed to plead or otherwise defend against a lawsuit. Fed. R. Civ. P. 55(b)(2). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (cleaned up). Before entering a default judgment, a court must determine that a "sufficient basis" exists for the judgment, which finding is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). Also, a court may not enter a final default judgment awarding monetary damages without an evidentiary hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (cleaned up).

## III. DISCUSSION

The Court will first address the sufficiency of the Amended Complaint, followed by damages, then attorneys' fees and costs.

### A. Sufficiency of the Amended Complaint

The Amended Complaint alleges four counts, each of which the Court will address in turn.

#### 1. Civil Theft (Count I)

Count I alleges a claim for civil theft under Fla. Stat. § 772.11. (DE 10 ¶¶ 29–40). To state a claim for civil theft, a plaintiff must allege facts that show the defendant (1) knowingly (2)

obtained or used, or endeavored to obtain or use, the plaintiff's property with (3) "felonious intent" (4) either temporarily or permanently to (a) deprive the plaintiff of the right or benefit of the property, or (b) appropriate the property to the defendant's own use or the use of another. *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1308 (11th Cir. 2022) (applying Florida law).

The Court reviewed the allegations of Count I and finds them sufficient to state a plausible claim for civil theft. The allegations include the following:

- Plaintiff sent $100,000 to Defendant for the purpose of making the Salon investment. (DE 10 ¶¶ 12, 31).
- Defendant received Plaintiff's dedicated funds and immediately diverted them to unauthorized purposes unrelated to the Salon investment. (DE 10 ¶ 34(b)).
- Defendant attempted to manipulate Plaintiff into giving retroactive consent to redirect the earmarked funds. (DE 10 ¶ 34(c)).
- Defendant used Plaintiff's funds to satisfy his own personal debts and lifestyle expenses, never intending to grant Plaintiff a legitimate investment interest. (DE 10 ¶ 34(d)).
- When explicitly confronted by Plaintiff regarding the unauthorized use of the funds ("you didn't use the money I sent you to do that, did you?"), Defendant confessed: "I did 100k of yours …. )" (DE 10 ¶ 36).
- In a subsequent text message, Defendant stated: "imma get you your money. I'm not scamming you out of 100k I would never do that to anyone. Just in a tight situation rn. I had a plan and it didn't execute." (DE 10 ¶ 37).

- Plaintiff has repeatedly demanded return of the $100,000, and Defendant has failed to comply. (DE 10 ¶¶ 21-24).

Taken together, these allegations suggest that Defendant knowingly obtained Plaintiff's $100,000 wire transfer with felonious intent to temporarily or permanently appropriate such funds for Defendant's own use. *See McCormack v. Flens*, 27 So. 3d 179, 181 (Fla. 2d DCA 2010) (reversing and reinstating jury verdict where the evidence showed that defendant refused to return the money "after acknowledging that the money belonged to [plaintiff]"). The Court therefore finds a sufficient basis for entry of a default judgment on Count I. *See Heldenmuth v. Groll*, 128 So. 3d 895, 897 (Fla. 4th DCA 2013) (reversing dismissal of civil theft count where "amended complaint stated a cause of action for civil theft based on the allegation that Groll and Smoler used some of the escrow funds for their own use"); *O'Donnell v. Arcoiries, Inc.*, 561 So. 2d 344, 345 (Fla. 4th DCA 1990) (affirming jury verdict on civil theft where "evidence supports a conclusion that Arcoiries, Inc. was permanently deprived of its funds by willful misrepresentations furthering a misappropriation by appellants for their own use").

**2. Fraudulent Inducement (Count II)**

Count II alleges fraudulent inducement. (DE 10 ¶¶ 41-49). To state a claim for fraudulent inducement, a plaintiff must allege facts that show "(1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment." *Prieto v. Smook, Inc.*, 97 So. 3d 916, 917 (Fla. 4th DCA 2012) (citation omitted).

The Court reviewed the allegations of Count II and finds them sufficient to state a plausible claim for fraudulent inducement. The allegations include the following:

- Plaintiff and Defendant discussed a joint venture to purchase a nail salon. (DE 10 ¶ 43).
- On December 1, 2025, Defendant confirmed a proposed investment in a specific nail salon via email, proposing that Plaintiff invest $100,000, followed by another $150,000. (DE 10 ¶¶ 44-47).
- In truth, Defendant lacked any intent to maintain these funds as a down payment to purchase a nail salon; instead, Defendant used the investment opportunity as a fraudulent prop to induce Plaintiff's wire transfer. (DE 10 ¶ 43(b)).
- Plaintiff justifiably relied upon Defendant's material misrepresentations and omissions by wiring $100,000 to Defendant's personal bank account on December 1, 2025. (DE 10 ¶¶ 45-49).

Taken together, these allegations suggest that Defendant knowingly made false statements of material facts to induce Plaintiff to transfer $100,000 under the belief that those funds would be used for the nail salon investment. The Court therefore finds a sufficient basis for entry of a default judgment on Count II. *See La Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 712 (Fla. 5th DCA 1998) ("If a fraud is perpetrated which induces someone to enter into a contract, there is a cause of action for fraud and the remedies attendant to that particular tort are available.").

**3. Conversion (Count III)**

Count III alleges conversion. (DE 10 ¶¶ 50-61). To state a claim for conversion, a plaintiff must allege facts that show (1) a taking of chattels, (2) with intent to exercise ownership over them inconsistent with the real owner's right of possession. *Hannah v. Malk Holdings*, LLC, 368 So. 3d 1087, 1091 (Fla. 6th DCA 2023).

The Court reviewed the allegations of Count III and finds them sufficient to state a plausible claim for conversion. In particular, the Court finds the allegations set forth in Part III.A.1 above sufficient to support a plausible claim for conversion (as well as for civil theft). The Court therefore finds a sufficient basis for entry of a default judgment on Count III. *See W. Yellow Pine Co. v. Stephens*, 80 Fla. 298, 304, 86 So. 241, 243 (Fla. 1920) ("[T]he essential elements of a conversion is a wrongful deprivation of property to the owner"); *Hannah*, 368 So. 3d at 1091 ("A conversion may be evidenced by a plaintiff's demand and a defendant's refusal").

**4. Unjust Enrichment (Count IV)**

Count IV alleges unjust enrichment. (DE 10 ¶¶ 62-67). To state a claim for unjust enrichment, a plaintiff must allege facts that show "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012) (applying Florida law).

The Court reviewed the allegations of Count IV and finds them sufficient to state a plausible claim for unjust enrichment. In particular, the Court finds the allegations set forth in Part III.A.1 above sufficient to support a plausible claim for unjust enrichment (as well as for civil theft). The Court therefore finds a sufficient basis for entry of a default judgment on Count IV.

**B. Damages & Prejudgment Interest**

As to damages, the Court finds that Plaintiff suffered compensatory damages of $100,000 based on the money wire transferred to Defendant in connection with the Salon investment. The Court reaches this conclusion based upon the allegations of the Amended Complaint, the truth of which Defendant admitted by virtue of the default. The Court finds no evidentiary hearing

necessary as to these damages because "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co.*, 777 F.2d at 1543-44. Compensatory damages of $100,000 should be awarded as to Counts I through IV. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1277 (11th Cir. 2008) (noting that the "one-satisfaction rule" operates to prevent double recovery for a single injury).

The Court further finds that compensatory damages should be trebled for Count I, which alleges civil theft. Pursuant to Fla. Stat. § 772.11(1), the civil theft statute provides as follows:

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of [Florida's criminal theft statute] has a cause of action for *threefold the actual damages* sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section.

(emphasis added). Before filing suit, Plaintiff sent a written demand to Defendant for treble damages, thereby complying with the statutory demand requirement. (DE 10-4 at 2-5). Accordingly, compensatory damages should be trebled as a ministerial act, resulting in a total damages award of $300,000. *See Ocala Jockey Club, LLC v. Rogers*, 981 So. 2d 1245, 1247 (Fla. 5th DCA 2008) (referring to the calculation of treble damages for civil theft as a "ministerial act").

As to prejudgment interest, Florida law allows plaintiffs to recover prejudgment interest running from the date of the loss. *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985) ("Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor."). In the context of civil theft, prejudgment interest may "only be awarded on the amount actually stolen; it may not be awarded on the trebled amount." *Nelson v. AmSouth Bank of Fla.*, 699 So. 2d 810, 810 (Fla. 1st DCA 1997).

As applied here, Plaintiff seeks prejudgment interest on $100,000 running from the date of loss, i.e., December 1, 2025, through the anticipated date of final judgment, i.e., October 31, 2026. (DE 27 at 12). Applying the statutory rate set forth in Fla. Stat. § 55.03(1), Plaintiff calculates an amount due of $7,572.57. (DE 30). The Court has reviewed these calculations and agrees with them. Accordingly, prejudgment interest should be awarded in the amount of $7,572.57.

**C. Attorneys' Fees and Costs**

Plaintiff next seeks reasonable attorneys' fees and costs. (DE 27 at 12). Courts analyze requests for attorneys' fees in two steps: entitlement and amount. As to entitlement, Florida's civil theft statute entitles a prevailing plaintiff to reasonable attorney's fees and costs. Fla. Stat. § 772.11(1). Based on the default judgment recommended here, the Court finds Plaintiff to be the prevailing party in this action for purposes of attorneys' fees and costs.

As to amount, Plaintiff requests the Court reserve jurisdiction to proceed by motion under Fed. R. Civ. P. 54 and Local Rules. (DE 27 at 12). The Court recommends the amount of fees and costs be determined in a post-judgment proceeding.

**D. Conclusion**

In sum, the Court recommends that a Default Final Judgment be entered in favor of Plaintiff and against Defendant, based on the following calculation:

| | |
|---|---|
| Treble Damages | $300,000.00 |
| Prejudgment Interest up to October 31, 2026[1] | $ 7,572.57 |
| **Total:** | **$307,572.57** |

[1] The District Judge may need to adjust the prejudgment interest based upon the date on which the Default Final Judgment issues.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the Court **RECOMMENDS** as follows:

1. Plaintiff's Motion for Default Judgment (DE 27) should be **GRANTED.**

2. The District Judge should enter a Default Final Judgment in favor of Plaintiff and against Defendant on Count I, Count II, Count III, and Count IV in the total amount of **$307,572.57**, with post-judgment interest accruing at the statutory rate set forth in 28 U.S.C. § 1961.

3. A post-judgment proceeding should be held to determine reasonable attorneys' fees and costs for Plaintiff as the prevailing party.

4. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

5. **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 13th day of October 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE