**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80636-CIV-CANNON/McCabe**

**HIRAM GAVIN RIVERA**,

Plaintiff,

v.

**ANH DUC NGUYEN** *a/k/a* **DANIEL NGUYEN**,

Defendant.
________________________________/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING MOTION FOR DEFAULT JUDGMENT**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Default Final Judgment (the "Motion") [ECF No. 27]. Following referral, Magistrate Judge McCabe issued a Report recommending that the Motion be granted and that final judgment be entered in favor of Plaintiff in the amount of $307,572.57 [ECF No. 31]. Objections to the Report were due on or before **October 27**, **2026** [ECF No. 31 p. 10]. Neither party filed objections to the Report, and the time to do so has expired.

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court

may accept the recommendation so long as there is no clear error of fact or law on the face of the record. *Macort*, 208 F. App'x at 784.

Following review, the Court finds no clear error of fact or law in the well-reasoned Report and no errors of law.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 31] is **ACCEPTED**.
2. Plaintiff's Motion for Default Final Judgment [ECF No. 27] is **GRANTED**.
3. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 58.

**ORDERED** in Chambers at Fort Pierce, Florida, this 29th day of October 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

[1] For completeness, that Court briefly notes that, while a claim for unjust enrichment ordinarily cannot proceed under Florida law where the matter covered by the claim for unjust enrichment is based entirely on matters covered by an express contract between the parties, *see Al Rushaid Petroleum Inv. Co. v. Siemens Energy Inc.*, 159 F.4th 887, 901 (11th Cir. 2025), the Amended Complaint neither asserts a claim for breach of contract claim nor expressly claims that a contract was formed. Therefore, in light of the full record, the Court finds no reason to reject the Report's findings on Count IV, which brings a claim for unjust enrichment along with the legal claims brought in Counts I through III [*See* ECF No. 10 ¶¶ 29–67; ECF No. 31 p. 7].